# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**PECO FOODS, INC.**                                                      **PLAINTIFF**

**VS.**        **CIVIL ACTION NO. _____**

**RETAIL, WHOLESALE AND DEPARTMENT
STORE UNION, MID-SOUTH COUNCIL**       **DEFENDANT**

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff Peco Foods, Inc. ("Peco") files this Complaint against Defendant Retail, Wholesale and Department Store Union, Mid-South Council ("RWDSU") and in support states the following:

## INTRODUCTION

This is an action by Peco Foods, Inc. to vacate an arbitration award issued on July 15, 2016 by the Honorable William H. Holley, Jr. The award exceeds the authority granted to the arbitrator by the Collective Bargaining Agreement ("CBA") and does not draw its essence from, but instead ignores, the CBA's terms. Furthermore, the award violates public policy and is incomplete, indefinite, vague, ambiguous, arbitrary and capricious. This action is brought pursuant to the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 141 *et seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("Section 301"), and 28 U.S.C. § 1331.

2. Venue is proper in this district and division pursuant to Section 301 and 28 U.S.C. § 1391.

## PARTIES

3. Peco is an Alabama corporation with its principal place of business located at 1020 Lurleen Wallace Blvd. N, Tuscaloosa, Alabama, 35401.

4. RWDSU is a labor organization within the meaning of the Labor Management Relations Act of 1947. RWDSU is headquartered in Birmingham, Alabama, and its agents are engaged in representing or acting for employee members in this district and division.

## FACTS

5. Peco and RWDSU are parties to a CBA setting forth the terms and conditions of employment for employees at Peco's Tuscaloosa plant. A true and correct copy of the CBA is attached as Exhibit A.[1]

6. The CBA provides for a grievance procedure before RWDSU can request arbitration. *See* Exhibit A at 8-10. If Peco denies the grievance, RWDSU must give written notice to Peco of its intent to take the grievance to arbitration within fifteen (15) calendar days of Peco's denial. *Id*. at 10.

7. On January 22, 2015, Peco terminated Larry Richardson's employment for Richardson's threatening comment regarding "slinging lead" in the workplace during a company safety meeting.

8. RWDSU filed a grievance claiming Peco unfairly terminated Richardson. Peco denied the grievance on February 23, 2015. RWDSU then waited until March 23, 2015 to request arbitration, twenty-eight (28) calendar days after receiving Peco's denial.

---

[1] Laborers' Local Union #559 is the signatory to the operative CBA in this action. RWDSU agreed to be bound by Peco's CBA with Laborers' Local Union #559 until Peco and RWDSU were able to negotiate a new agreement. The grievance procedure set forth in the subsequent collective bargaining agreement entered into by Peco and RWDSU is the exact same procedure set forth in the CBA attached as Exhibit A. A true and correct copy of the subsequent agreement is attached as Exhibit B.

9. Because RWDSU failed to request arbitration within the proscribed time period of the CBA, the arbitrator did not have jurisdiction to decide the grievance.

10. Nevertheless, on July 15, 2016, the arbitrator issued his decision that the grievance was arbitrable. He sustained the grievance and directed Peco to reinstate Richardson to his former job, restore his seniority, and make him whole for his losses. However, because RWDSU produced no evidence on damages, the arbitrator left it to the parties to determine the amount of the "make whole" award. A true and correct copy of the arbitration award is attached as Exhibit C.

11. The terms of the grievance procedure set forth in the CBA are unambiguous and required RWDSU to provide written notice of its intent to request arbitration no later than March 10, 2015. *See* Exh. A at 10. Thus, the arbitrator's award holding that the grievance was arbitrable is in direct conflict with the notice requirements set forth in the CBA's grievance procedure. *Id*.

12. Furthermore, the arbitrator's decision on the merits is in direct conflict with Peco's broad right to terminate an employee for cause under the CBA and public policy against violence and threatening behavior in the workplace. *See* Exh. A at 2.

13. Finally, the arbitrator's failure to award a sum certain or provide any method for computing the alleged "make whole" award renders the award incomplete, indefinite, vague, ambiguous, arbitrary and capricious. Indeed, just as the arbitrator had no evidence on which to base such an award, neither do the parties.

14. The arbitrator dispensed his own brand of industrial justice in issuing an arbitration award that is in manifest disregard for the law. Because the arbitrator's award does not draw its essence from the CBA, but instead ignores the CBA's terms, the arbitrator exceeded the authority granted to him by the CBA. Furthermore, the award violates public policy and is

incomplete, indefinite, vague, ambiguous, arbitrary and capricious. For these reasons, it should be vacated.

## CAUSE OF ACTION

15. Peco incorporates herein by reference each and every allegation contained in Paragraphs 1-13 of this Complaint.

16. In holding the grievance arbitrable, sustaining it, and ordering the relief found in the award, the arbitrator exceeded the authority granted to him by the CBA. Indeed, the arbitrator's award does not draw its essence from the CBA because:

   a. The award conflicts with express, unambiguous terms of the CBA;

   b. The award is without rational support or cannot be rationally derived from the CBA;

   c. The award is not based on the precise terms of the CBA; and

   d. The award impermissibly modifies the terms of the CBA.

17. Furthermore, the award violates public policy against violence and threatening behavior in the workplace.

18. Finally, the award is incomplete, indefinite, vague, ambiguous, arbitrary and capricious because it does not award a sum certain or provide any method for computing the alleged "make whole" award.

19. For these reasons, and other reasons to be more fully shown to the Court, the arbitration award should be vacated.

ACCORDINGLY, Peco respectfully requests that this Court enter an Order vacating the arbitration award in this matter. Peco further requests that this Court enter an Order staying the

relief ordered in the award until the conclusion of this matter. Peco requests such other relief as this Court deems appropriate.

    Dated: August 16, 2016.

                      Respectfully submitted,

                      **PECO FOODS, INC.**

                      s/Scott F. Singley
                      One of Its Attorneys

OF COUNSEL:

Scott F. Singley, Esq., ASB # SIN019
Brunini, Grantham, Grower & Hewes, PLLC
410 Main Street (39701)
P.O. Box 7520
Columbus, MS 39705-7520
Telephone: 662-240-9744
Facsimile: 662-240-4127
ssingley@brunini.com

{C2041863}        5