## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| PECO FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 7:16-cv-01345-LSC |
| RETAIL, WHOLESALE, AND | ) | |
| DEPARTMENT STORE UNION, | ) | |
| MIDSOUTH COUNCIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Before this Court is Defendant Retail Wholesale and Department Store Union Mid-South Council's("RWDSU" or "the Union") Motion for Attorney's Fees and Costs. (Doc. 26.) RWDSU is the prevailing party in this action brought under Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185 (the "Act"). Plaintiff Peco Foods, Inc. ("Peco") filed a timely response in opposition. (Doc. 29.) The Union seeks fees and costs in the amount of $22,430.50 (attorneys' fees in the amount of $21,667.50 (96.30 hrs. x $225.00 per hour = $21,667.50 + paralegal fees of $763.00 (10.90 hrs. x $70 = $763.00)). (Doc. 27 at 4, Doc. 27-1 at 9 & 13.) For the reasons stated herein, the Union's motion is due to be GRANTED.

# I. BACKGROUND

This action arises out of the termination of Larry Richardson ("Richardson"), a Peco employee, and the subsequent arbitration proceeding. Richardson's supervisor held a safety meeting where employees were reminded that throwing ice was prohibited during work hours. (Doc. 17 at 2.) Richardson responded by saying "I don't throw ice, I throw lead." (*Id.*) Recalling a recent workplace shooting at another business, the supervisor reported the statement to his superior. Peco's Complex Human Resources Director launched an investigation, which included questioning Richardson about the statement. Richardson could not provide an explanation for his conduct. The following day, with the approval of Peco's Corporate Human Resource Director, Richardson was terminated.

Richardson was a member of RWDSU, which had a collective bargaining agreement ("CBA") with Peco. The parties agreed to an arbitration regarding the matter, and an award was ultimately rendered in the Union's favor on July 15, 2016. Peco filed its Complaint in August of 2016 to vacate the award. (Doc. 1.) RWDSU counterclaimed, seeking enforcement. This court confirmed the arbitration award in its Memorandum of Opinion. (Doc. 24.) As explained therein, each argument Peco made in favor of vacatur required this Court to re-determine the arbitrator's

factual findings and merits of the arbitrator's decision. (Doc. 24 at 12-13, 16-18.) The arbitration decree did not provide for attorney's fees, therefore the Union has motioned for them. As grounds for the requested fees and costs, the Union contends Peco brought this action without justification and contrary to settled law regarding the limited nature of judicial review of labor arbitration awards. The Court agrees.

## II.    STANDARD OF REVIEW

Although section 301 of the Act[1] does not provide for attorney's fee for its violation, "[a] district court has authority to award attorney's fees where it determines that a party has without justification refused to abide by the award of an arbitrator." *Int'l Union of Dist. 50, Mine Workers of Am. v. Bowman Transp., Inc.*, 421 F.2d 934, 935 (5th Cir. 1970) [2] (per curiam) (citations omitted); *see also Int'l Ass. of Machinists and Aerospace Workers, District 776 v. Texas Steel Co.*, 538 F.2d 1116, 1122-23 (5th Cir. 1976). Here, though the arbitration decree did not provide for attorney's fees; this Court has the authority to award attorney's fees and costs using "its equity power if a party violates Section 301(a) of the [LMRA] in bad

---

[1] 29 U.S.C. § 185, Labor Management Relations Act ("LMRA").
[2] According to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981 are binding on this Court. *Slater v. U.S. Steel Corp.* No. 12-15548 n.5 (11th Cir. 2017).

faith, vexatiously, wantonly or for oppressive reasons." *Varnes v. Local 91, Glass Bottle Blowers Assoc.*, 674 F.2d 1365, 1369 (11th Cir. 1982); 29 U.S.C.A. § 301(a). "In the context of challenges to awards under the FAA, [the Eleventh Circuit] ha[s] provided "notice" that '[it] is exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards' and has warned litigants that '[it is] ready, willing, and able to consider imposing sanctions in appropriate cases.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015) (citing *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913–14 (11th Cir. 2006), abrogated on other grounds by *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010)). This Circuit has "declined to order sanctions when at least some plausible argument supported the challenge or the challenge raised an argument [] not addressed yet." *Id.* at 1271 (citing *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1198 (11th Cir. 2013) (per curiam); *Hercules Steel*, 441 F.3d at 914. Judicial review of a labor-arbitration decision pursuant to [a collective bargaining] agreement is very limited." *Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509 (2001); *see also United Steel*, 807 F.3d at 1271 ("[W]e review a labor arbitration award for 'whether [it] is irrational, whether it fails to draw its essence from the collective bargaining

agreement or whether it exceeds the scope of the arbitrator's authority.'" (quoting *Osram Sylvania, Inc. v. Teamsters Local Union 528*, 87 F.3d 1261, 1263 (11th Cir. 1996))).

## III. DISCUSSION

### A. Jurisdiction

While jurisdiction is not disputed by the parties, it is incumbent upon the Court to determine whether ruling on the pending motion is within its power. RWDSU timely made their Motion for Attorney's Fees within the 14 –day time period required by Federal Rule of Civil Procedure 54(d)(2)(B). A month after the Court granted summary judgment in favor of RWDSU (doc. 24), Peco filed its Notice of Appeal. (Doc. 30.) It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (citation omitted). However, a district court may retain jurisdiction for the purpose of "entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176 (11th Cir. 2003). This Circuit has held that a district court may consider a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *See Rothenberg v. Sec. Mgmt.*

*Co., Inc.*, 677 F.2d 64, 65 (11th Cir. 1982); *see also Briggs v. Briggs*, 260 Fed. Appx. 164, 165 (11th Cir. 2007) (per cuiam) (citing *Rothenberg* for same proposition). Accordingly, the Court determines it possesses jurisdiction over RWDSU's Motion for Attorney's Fees despite the fact that the underlying case is currently on appeal.

### B. *Basis for a Grant of Attorney's Fees*

Given the "very limited" nature of judicial review of labor-arbitration decisions pursuant to CBAs, Peco must have had "at least some plausible argument support[ing] [its] challenge" in order to avoid a grant of attorney's fees in favor of the Union. *Garvey,* 532 U.S. at 509; *United Steel*, 807 F.3d at 1271. The Court finds that Peco did not.

Because the scope of review for a labor arbitration award is so narrow, Peco's only chance for prevailing was for the Court to substitute its judgment for the arbitrator's and to engage in a review of the merits of the decision—something it cannot do. *See Drummond Coal Co. v. UMWA, Dist. 20*, 748 F.2d 1495, 1497 (11th Cir. 1984) ("[t]he courts are not to engage in a review of the merits of the arbitrator's decision."). As this Court stated in its Memorandum of Opinion regarding Peco's challenge of jurisdiction, "it is clear that any review this Court

would undertake would have to be on the merits of the arbitrator's construction."
(Doc. 24 at 12.)

The Court ruled that it could not set aside the award based on Peco's challenge of the arbitrator's decision that Peco did not have just cause in firing the employee. (Doc. 24 at 12-13.) Granting such a request would require engaging in a review of the arbitration award's merits. As for Peco's back pay and vagueness challenges, granting vacatur on those grounds also would have required a second guessing of the arbitrator's factual finding of mitigation. (Doc. 24 at 16-18.)

As for Peco's public policy challenge, the Court ruled that it could not upset the award without interfering with the arbitrator's factual findings, "simply because it disagrees with them." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987). "[T]he fact that it is inquiring into a possible violation of public policy [does not] excuse a court for doing the arbitrator's task." *Id.* at 45. In granting Summary Judgment for RWDSU, this Court held that even assuming *arguendo* that Peco had proven a public policy sufficient to vacate an arbitration award, it failed to clearly show a violation of that public policy. (Doc. 24 at 15.) The Court went further, though, and held that even had Peco shown this evidence, it was still asking the Court to impermissibly interfere with the arbitrator's factual findings. (Doc. 24 at 16.)

All in all, Peco's argument in its Opposition that "multiple reasons supported vacatur of the Award," (doc. 29), falls flat. Indeed, as outlined in the Court's Memorandum of Opinion (doc. 24), every reason asserted by Peco would have ultimately required an impermissible review of the arbitration decree's merits and an exchange of the arbitrator's finding of facts with the Court's own. Thus, its suit to vacate the award was "without justification." *Bowman*, 421 F.2d at 935; *see also Int'l Assocs. of Machinists, District 776 v. Texas Steel Co.*, 538 F.2d 1116, 1122, (5th Cir. 1976) ("we refuse to countenance frivolous and wasteful judicial challenges to conscientious and fair arbitration decisions").

In its Opposition, Peco cites *Delta* in support of its position that enforcing the arbitration award would be to violate the very narrow public policy exception, and it uses an Eleventh Circuit ruling affirming the denial of attorney's fees to contend that *Delta* "arguably supported" its position. (*See* Doc. 29 at 3.) *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 861 F.2d 665, 670-71 (11th Cir. 1988); *see also Ala. Gas Corp. v. Gas Fitters Local Union No. 548 of United Ass'n, AFL-CIO-CLC*, 599 Fed. Appx. 382 (11th Cir. 2015) (per curiam) (cert. denied), *affirming Ala. Gas Corp. v. Gas Fitters Local Union No. 548 of United Ass'n, AFL-CIO-CLC*, 2014 WL 3622713 at *5 (M.D. Ala. July 23, 2014) (affirming denial of a union's

requests for attorney's fees after dismissal of plaintiff's appeal of arbitration award on public policy grounds).

The plaintiff in *Alabama Gas*, "admitted to the statements attributed to him and to the possession of the firearm in his personal vehicle in Alagasco's parking lot." *Ala. Gas*, 2014 WL 3622713 at *2. Unlike the plaintiff in *Hercules Steel*, Peco "ha[d] the benefit of the notice and warning" provided by *Hercules* as well as *Alabama Gas*. In *Alabama Gas*, the district court denied the union's motion for attorney's fees because *Delta* "arguably support[ed]" the company's position "despite ultimately being inapposite to the facts." *Ala. Gas*, 2014 WL 3655713 at *5. Thus, the company "did not take a wholly unreasonable position in challenging the arbitration award." *Id.* at *5. Here, Richardson's misconduct was not integral to the performance of his employment duties, he violated neither federal agency regulations, nor the criminal law forming the basis of a dominant and well-defined public policy, and the arbitrator's decision to reinstate him was not a clear violation of any such public policy. *Id.* Unlike the plaintiff in *Alabama Gas*, where potentially threatening comments were made in conjunction with the plaintiff owning a gun and having it on company premises, here, there was no evidence that Richardson either owned a gun or intended to actually "throw lead." (Doc. 17 at 2.)

"[T]he offending arbitrator's award which properly results in [a] setting it aside must be so offensive that one is to be seen only rarely." *Delta*, 861 F.2d at 670. The egregiousness of the employee's behavior in *Delta* rose to the level of rareness necessitating a setting aside. *Id.* (reversing arbitrator's decision, that airline had no "just cause" for discharging pilot who flew passenger plane while intoxicated, holding that it violated clearly established public policy and could not be enforced). In contrast, here, the Court stands by its ruling as set out in its Memorandum (doc. 24), that the arbitrator's determination that Richardson's conduct did not rise to the requisite level for a set aside was correct. As such, imposition of attorney's fees is warranted.

In sum, Peco attempted to salvage an arbitration loss through litigation that had no sound basis in the law and should pay the Union's costs of defending such an unnecessary and groundless action. *See United Steel*, 807 F.3d at 1275 ("[A]ttorneys′ fees and expenses may be awarded when a party on the losing end of an arbitration decision seeks to overturn that decision without any real basis for doing so." (internal quotations and citations omitted )).

## V.    CONCLUSION

For the reasons stated above, the Union's motion for attorney's fees and costs in the amount of $22,430.50 is due to be **GRANTED**. A separate Order consistent with this Opinion will be entered.

**DONE** and **ORDERED** on February 15, 2018.

L. Scott Coogler
United States District Judge

190685